IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **AUTHOR J. MANNING, JR.,** § § | |
| Plaintiff, § § § | CIVIL ACTION NO. 6:23-CV-00444-JDK-JDL |
| v. § § § | |
| **PARAMOUNT, DIRECT TV, AT&T, & VIACOM CBS,** § § § § | |
| Defendants. § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Before the court is Plaintiff Author J. Manning, Jr.'s motion for a temporary restraining order. (Doc. No. 28.) Defendant Paramount has filed a response in opposition. (Doc. No. 33.) Upon review, and for the reasons stated herein, the court **RECOMMENDS** that Plaintiff's motion (Doc. No. 28) be **DENIED**.

### BACKGROUND

Plaintiff claims that the Defendants have used certain works created and/or owned by Plaintiff without his authorization or compensation. (Doc. No. 11.) Plaintiff seeks relief in the form of $9 Billion dollars in damages and return of ownership of the subject works. *Id.* at 7.

Plaintiff's motion for a temporary restraining order asks the court to freeze the assets of the Defendants in the amount of relief requested. (Doc. No. 28.) The motion does not give any reason or explanation for the requested asset freeze. *Id.*

### DISCUSSION

A temporary restraining order and/or preliminary injunction is typically granted, pending

trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 385 (5th Cir. 1984). The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the non-movant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). A temporary restraining order is an extraordinary remedy; it will not be granted unless the movant clearly carries the burden of persuasion on all the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983).

Here, Plaintiff's motion only asks that the court freeze the assets of the Defendants, but he does not state any facts supporting the prerequisites for the issuance of a temporary restraining order. As such, Plaintiff has failed to meet his burden of persuasion on all the elements that would entitle him to injunctive relief. Accordingly, Plaintiff's motion for a temporary restraining order (Doc. No. 28) should be denied.

## CONCLUSION

For these reasons, the court **RECOMMENDS** that Plaintiff's motion for temporary restraining order (Doc. No. 28) be **DENIED**. Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this

report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 4th day of December, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE