IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| AUTHOR J. MANNING, JR., § § **Plaintiff,** § § v. § § PARAMOUNT, ET. AL., § § § **Defendants.** § § | CIVIL ACTION NO. 6:23-CV-00444-JDK-JDL |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Author J. Manning, Jr., proceeding *pro se*, originally sued Paramount Global in Texas state court on May 9, 2023 (Doc. No. 3). Paramount subsequently removed the case to the U.S. District Court for the Eastern District of Texas (Doc. No. 1). On September 28, 2023, Manning filed a "Motion for Summary Judgment" (Doc. No. 8) which the court liberally construed as an amended complaint because the motion raised additional claims against previously unnamed defendants. In an order issued on September 29, 2023, the court admonished Manning that it is his obligation to effect service of process on the newly named defendants in this case or risk dismissal for failure to comply with Federal Rule of Civil Procedure 4(m) (Doc. No. 10). Therein, the court provided detailed guidelines and resources to Manning for serving process and further warned that "failure to comply with Rule 4(m) may result in the dismissal of his lawsuit." *Id.* On November 20, 2023, due to Manning's continual and oft repeated obscure filings with the court, the court ordered the clerk of court to not accept any further filings from Plaintiff Manning except returned summonses for the remaining defendants (Doc. No. 31).

1

On December 18, 2023, the district court entered an order dismissing Manning's claims against Defendant Paramount and one of the newly named defendants, Viacom CBS, because Viacom and Paramount are the same entity (Doc. No. 38). On December 22, 2023, the court issued an order noting that Manning had not yet served any of the remaining defendants in this case (Doc. No. 40). The court instructed Manning to serve the remaining defendants on or before February 1, 2024, or risk dismissal for failure to comply with Rule 4 and an order of the court. *Id.* To date, Manning has not served the remaining defendants in this case or shown cause for his failure to do so, and the deadline to serve has passed.

A court may dismiss an action *sua sponte* for failure to timely prosecute or to comply with an order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing Fed. R. Civ. P. 41(b)). If a particular defendant is not served within 90 days after the complaint is filed, the court may either dismiss the case or order that service be made within a specified time period. Fed. R. Civ. P. 4(m). Here, Plaintiff Manning did not have to pay the filing fee to prosecute this case in federal court because Defendant Paramount paid the fee for removal, after which Manning added several new defendants. Five months have passed since the filing of the amended complaint, and Manning has made no indication that service has been attempted or executed or shown cause for the failure, despite the court's order granting extra time to serve Defendants. Manning has nonetheless continued to file numerous outlandish documents with the court, ostensibly ignoring the court's order to serve the remaining defendants. *See, e.g.*, Doc. Nos. 21, 22, 24, 26, 28, 36, 37, 39, 43, 46, 47, 48. Accordingly, Plaintiff's amended complaint should be dismissed for failure to prosecute, lack of proper service, and failure to comply with an order of the court.

For these reasons, the court **RECOMMENDS** that Plaintiff's claims against all Defendants be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute, lack of proper service, and

failure to comply with an order of the court. Within fourteen (14) days after receipt of the Magistrate Judge's report and recommendation, any party may serve and file written objections to the findings and recommendations contained in the report and recommendation. A party's failure to file written objections to the findings, conclusions and recommendations contained in this report and recommendation within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 5th day of February, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE